Boynton, J.
It is not material to inquire whether the unassigned dower right or interest of Mrs. Britton in the dwelling-house insured, ivas, or was not, an incumbrance thereon, within the meaning of the stipulation concerning incumbrances contained in the policy. The application for insurance was made by her, and was, by the terms of the policy, made a part thereof. She had an insurable interest in the dwelling-house, as well as in the household goods therein. The estate of her children was that of tenants in common.
From the time her husband died until the time the dwelling was destroyed by fire, she and her children, many of whom were minors, and incapable from the immaturity of their years to enter into business relations, continuously oe *491 cupied the premises, and meantime erected a dwelling-house thereon, without any severance of the interests they respectively owned in the property. In this condition of ownership, and while this relation subsisted, Mrs. Britton made the application for the insurance. She assumed to act for her children without any special appointment or authority. There can be little doubt that she sought to effect insurance of the entire property or ownership in the building insured, as well the interest that belonged to herself, as that which belonged to her children. It is true, she did not, in form, sign the application as their agent, but the policy having been issued to, and accepted by them, we must assume that she was acting for them. But it is equally clear from the application, that she was acting for herself and representing her own interest in the property as well as that of her children. There was nothing on the face of the application indicating that insurance of the property was sought on behalf of any one save the applicant. Indeed, nothing appears on the face of the application tending to show the heirs of N. B. Britton had any title whatever to the property on which insurance was desired. That they had such title is not doubted. Nor is it doubted that Mrs. Britton had an unassigued dower interest therein. If the property should be destroyed by fire, without insurance, both interests would be lost. Hence, when the inquiry was made as to whether the property was incumbered, she would very naturally understand it to refer to the interest that she sought to have the policy cover.
It either had reference to the dower interest of the applicant alone, or it had reference to incumbrances on such interest and that of the heirs combined. Let it be referred to either, and the representation that the property was not incumbered was strictly true, and being true, its effect is not to be destroyed or varied by the circumstance that the policy was issued to the heirs alone. The issuing of the policy to the heirs instead of the widow and heirs was the act of the company. It nowhere appears to have been done in pursuance of any direction given to the company *492 by any one interested in the property, nor upon any statement, oral or written, that Mrs. Britton was acting exeluclusively for them.
We are, therefore, of the opinion, that the dower right or interest of Mrs. Britton in the property actually insured, formed no impediment to the right to recover upon the policy.
The remaining question involves the .correctness of the ruling of the court, that an agreement between the agent of the company and Mrs. Britton, by which she undertook that the plaintiffs below should guard the property from fire until the company could be communicated with, did not bind the heirs unless she was authorized to act for them. This ruling was right. Authoritj»-to bind the heirs by such agreement could not be implied from the relation existing between them and the widow.

Leave refused.